IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00261

MICHAEL LEVINE, individually and on behalf of all others similarly situated,

 Plaintiff,

v.

VITAMIN COTTAGE NATURAL FOOD MARKETS, INC. d/b/a NATURAL GROCERS,

 Defendant

---

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

---

 Plaintiff Michael Levine ("Plaintiff" or "Levine") files this First Amended Class and Collective Action Complaint against Defendant, Vitamin Cottage Natural Food Markets, Inc. d/b/a Natural Grocers ("Natural Grocers" or "Defendant"), seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq*. ("Wage Claim Act") and the Colorado Minimum Wage Act, § 8-6-101, *et seq*. as implemented by the Colorado Minimum Wage Order and/or Colorado Overtime and Minimum Pay Standards Order, *7 Colo. Code Regs*. § 1103-1, *et seq*. ("Minimum Wage Act") (collectively, the Colorado statutes and regulations are referred to as the "Colorado Wage and Hour Laws"), on behalf of himself and all current and former "Assistant Store Managers" ("ASMs"), however variously titled, who work (or worked) for Defendant during the relevant time period. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and similarly situated current and former ASMs to recover unpaid overtime pursuant to the FLSA and Colorado Wage and Hour Laws. Natural Grocers violated the FLSA by failing to pay its ASMs overtime compensation for the hours they worked over forty (40) in one or more workweeks and/or twelve (12) in a day because Defendant classifies them as exempt from overtime.

2. Defendant employs ASMs in more than 150 stores located in nineteen (19) states, including Colorado. Although Defendant considers its ASMs to be "managers," ASMs are not responsible for true management functions. To the contrary, ASMs spend the vast majority of their time performing the same duties as non-exempt employees, including helping customers, moving freight, stocking shelves, building displays, counting inventory, cleaning the store, and otherwise standing in as cashiers, stockers, or other hourly workers.

3. ASMs report to Store Managers who, in turn, report to district and other supervisory personnel. Store Managers are the highest level of management in Defendant's stores.

4. ASMs are classified by Defendant as exempt from overtime, even though their duties do not fall within any of the exemptions under federal or state overtime laws.

5. As alleged herein, Plaintiff and all other similarly situated were required to work more than 40 hours in a workweek and/or 12 hours in a day while employed by Defendant in order to complete their job duties. However, in accordance with Defendant's policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of 40 in a workweek and/or 12 hours in a day.

6. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and all persons who are or were formerly employed by Defendant in the United States during the

relevant time period as ASMs, and individuals holding comparable salaried positions with different titles (the "ASM Collective").

7.  Pursuant to the Colorado Wage and Hour Laws and Fed. R. Civ. P. 23, Plaintiff also brings this action on behalf of himself and as the representative of a class comprising all persons who are or were formerly employed by Defendant in Colorado during the relevant time period as ASMs, and individuals holding comparable salaried positions with different titles (the "ASM Class").

8.  Defendant's systematic failure and refusal to pay Plaintiff and all other similarly situated ASMs for all hours worked over 40 in a workweek and/or 12 hours in a day violates the FLSA.

## THE PARTIES

*Plaintiff Michael Levine*

9.  Plaintiff Michael Levine is an adult individual who is a resident of Denver, Colorado.

10. Levine was employed by Defendant as an ASM in a store located in Highlands Ranch, Colorado, from approximately March 2018 to April 2019.

11. As an ASM, Levine worked over 40 hours in a workweek and/or 12 hours in a day and, on average, worked between 50 to 60 hours per week (including during the weeks leading up to, and of, Thanksgiving and Christmas 2018).

12. Levine is a covered employee within the meaning of the FLSA and the Colorado Wage and Hour Laws.

13. Levine's written Consent to Join form is attached as Exhibit A to ECF No. 1.

*Defendant Natural Grocers*

14. Defendant Natural Grocers is a Colorado corporation that is headquartered in

Lakewood, Colorado.

15. Natural Grocers owns and operates more than 150 grocery stores in nineteen (19) states, mainly throughout the Central and Western United States. *See* http://investors.naturalgrocers.com/AnnualReports?item=76, at 2 (last accessed April 1, 2020).

16. Natural Grocers employs more than 3,000 people across the United States including, upon information and belief, dozens of ASMs at its retail stores. *See* http://investors.naturalgrocers.com/AnnualReports?item=76, at 10 (last accessed April 1, 2020).

17. Throughout the relevant period, Defendant has been a covered employer within the meaning of the FLSA and Colorado Wage and Hour Laws.

18. At all times relevant, Natural Grocers maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

19. Natural Grocers applies the same employment policies, practices, and procedures to all ASMs at all of its stores, including policies, practices, and procedures with respect to the payment of overtime compensation.

20. Throughout the relevant period, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

21. This Court has original subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

22. In addition, the Court has supplemental jurisdiction over Plaintiff's state law class action claims pursuant to 28 U.S.C. § 1367.

23. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24. This Court has personal jurisdiction over Natural Grocers because it does business in Colorado and in this District.

25. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because both Plaintiff and Natural Grocers reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

26. Natural Grocers is a publicly traded corporation with its headquarters located in Lakewood, Colorado. Natural Grocers is "an expanding specialty retailer of natural and organic groceries and dietary supplements" and owns and operates stores within the "natural products retail industry." *See* http://investors.naturalgrocers.com/AnnualReports?item=76, at 1-2 (last accessed April 1, 2020).

27. According to its latest Annual Report, in 2019 Natural Grocers had revenue of more than $900 million. *See* http://investors.naturalgrocers.com/AnnualReports?item=76, at 45 (last accessed April 1, 2020).

28. Natural Grocers maintains strict control, oversight, and discretion over the operation of its stores, including its employment practices with respect to Plaintiff and the members of the ASM Class and ASM Collective.

29. Plaintiff's work and the work of the members of the ASM Class and ASM Collective was performed in the normal course of Defendant's business and was integrated into it.

30. Consistent with Defendant's policy, pattern and/or practice, Plaintiff and the members of the ASM Class and ASM Collective worked in excess of 40 hours per workweek and/or 12 hours in a day without being paid overtime compensation.

31. Upon information and belief, ASMs are scheduled to work at least 45 hours each workweek, however, in reality ASMs work many more hours each week in order to complete their assigned job duties.

32. The primary duties of Plaintiff and the members of the ASM Class and ASM Collective were routine, non-exempt tasks including, but not limited to:

    (a)    helping customers;

    (b)    moving freight;

    (c)    stocking shelves;

    (d)    building displays;

    (e)    counting inventory; and

    (f)    cleaning the store.

33. Plaintiff and the members of the ASM Class and ASM Collective spent the majority of their time performing these duties that were the same as or similar to tasks performed by hourly, non- exempt employees.

34. The primary job duties of Plaintiff and the members of the ASM Class and ASM Collective did not include:

    (a)    hiring;

    (b)    firing;

    (c)    making recommendations as to hiring, firing, or other employment decisions;

    (d)    scheduling; or

    (e)    disciplining other employees.

35. All of the work that Plaintiff and the members of ASM Class and ASM Collective performed has been assigned by Defendant, who was or is aware of the work they performed. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

36. The primary job duties of Plaintiff and the members of the ASM Class and ASM Collective were manual and/or clerical in nature. The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and the members of the ASM Class and ASM Collective.

37. Plaintiff and the members of the ASM Class and ASM Collective are similarly situated in that they have substantially similar job duties and are subject to Defendant's common compensation policies, patterns, and/or practices.

38. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classifies all ASMs as exempt from the overtime provisions of the FLSA and the Colorado Wage and Hour Laws.

39. Upon information and belief, Defendant did not perform a person-by-person analysis of Plaintiff and the members of the ASM Class's and ASM Collective's job duties when making the decision to classify ASMs as exempt from overtime under the FLSA and the Colorado Wage and Hour Laws.

40. Defendant knew or recklessly disregarded the fact that they failed to pay Plaintiff and the members of the ASM Class and ASM Collective overtime for hours worked in excess of 40 in a workweek and/or 12 hours in a day.

41. As a substantial corporate entity, Defendant was aware and/or recklessly disregarded the fact that by failing to pay Plaintiff and members of the ASM Class and ASM Collective overtime compensation it violated the FLSA and Colorado Wage and Hour Laws.

42. Defendant's unlawful conduct was willful and/or in reckless disregarded of the FLSA and Colorado Wage and Hour Laws and in furtherance of Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and Colorado Wage and Hour Laws.

43. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and Colorado Wage and Hour Laws with respect to Plaintiff and the members of the ASM Class and ASM Collective. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the overtime work that Plaintiffs and the members of the ASM Class and ASM Collective were and have been performing without compensation, and that, as a result, Defendant has been willfully failing to pay Plaintiffs and the members of the ASM Class and ASM Collective for all overtime hours worked, in violation of the FLSA and Colorado Wage and Hour Laws.

44. Defendant's willful violations of the FLSA and Colorado Wage and Hour Laws are further demonstrated by the fact that it failed to maintain accurate and sufficient time records of the hours worked by Plaintiff and the members of the ASM Class and ASM Collective. Defendant acted willfully and/or in reckless disregard of the FLSA by instituting a policy, pattern, and/or practice that did not allow Plaintiff and the members of the ASM Class and ASM Collective to record all hours worked.

45. Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiff and the members of the ASM Class and ASM Collective in excess of 40 hours per workweek and/or 12 hours in a day was willful and has been widespread, repeated and

consistent.

46.     The work performed by Plaintiff and the members of the ASM Class and ASM Collective constitutes compensable work time under the FLSA and Colorado Wage and Hour Laws and was not preliminary, postliminary or *de minimis*.

### FLSA COLLECTIVE ACTION ALLEGATIONS

47.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff brings the First Cause of Action on behalf of himself and the members of the ASM Collective comprising all current and former ASMs employed by Defendant within the United States at any time between January 31, 2017 through the date of final judgment in this matter and who elect to opt-in to this action.

48.     The primary job duties of Plaintiff and the members of the ASM Collective are uniform throughout Defendant's stores; they are subject to the same corporately-derived policies and procedures; are uniformly classified as exempt from overtime; and are uniformly denied overtime compensation for hours worked in excess of 40 in a workweek in accordance with Defendant's uniform policies, practices, and/or procedures.

49.     Throughout their employment with Defendant, Plaintiff and the members of the ASM Collective consistently worked more than 40 hours per week.

50.     Defendant was and/or is aware that Plaintiff and the members of the ASM Collective worked more than 40 hours per workweek, yet failed to pay them overtime compensation.

51.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of ASM Collective. This policy and pattern or practice includes, but is not limited to:

        (a)     willfully failing to pay its employees, including Plaintiff and the members of the ASM Collective, premium overtime wages for hours that they worked in

        excess of 40 hours per workweek;

    (b)    willfully misclassifying Plaintiff and the members of the ASM collective as exempt from the protections of the FLSA; and

    (c)    willfully failing to record all of the time that its employees, including Plaintiff and the members of the ASM Collective, have worked for the benefit of Defendant.

52.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the ASM Collective for all hours worked in excess of 40 in a workweek at the legally mandated rate of 1.5 times their regularly hourly rate. *See* 29 U.S.C. § 207(a)(1), 215(a), and 29 C.F.R. § 778.104

53.    Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the ASM Collective overtime premiums for hours worked in excess of 40 in a workweek.

54.    There are many similarly situated current and former ASMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

55.    Notice should be sent to the members of the ASM Collective pursuant to 29 U.S.C. § 216(b). Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records which Defendant was required to maintain in accordance with the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §215.2. *et seq*.

## CLASS ACTION ALLEGATIONS

56.    Plaintiff brings the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure and the Colorado Wage and Hour Laws on behalf of himself and the members of the ASM Class comprising:

> "All current and former ASMs employed by Defendant within the United States at any time during the relevant period who were classified as exempt from overtime."

57. The persons in the ASM Class are so numerous that joinder of all members is impracticable. Although Plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

58. Upon information and belief, the size of the ASM Class is at least fifty (50) workers.

59. The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the ASM Class that predominate over any questions solely affecting individual members.

60. Such questions include:

   (a) whether Defendant employed Plaintiff and the members of the ASM Class within the meaning of the Colorado Wage and Hour Laws;

   (b) whether Defendant failed to maintain true and accurate time records for all hours worked by Plaintiff and the ASM Class;

   (c) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   (d) whether Defendant failed and/or refused to pay Plaintiff and the ASM Class overtime pay for hours worked in excess of 40 hours per workweek and/or 12 hours in a day within the meaning of the Colorado Wage and Hour Laws;

   (e) the nature and extent of Class-wide injury and the appropriate measure of damages for the ASM Class;

   (f) whether Defendant has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the Colorado Wage and Hour Laws; and

   (g) whether Defendant's policy of misclassifying workers was done willfully or with reckless disregard of the Colorado Wage and Hour Laws.

61. The claims of Plaintiff are typical of the claims of the members of the ASM Class he seeks to represent. Plaintiff and the members of the ASM Class work or have worked for

Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 in a workweek and/or 12 hours in a day.

62. Plaintiff will fairly and adequately represent and protect the interests of the members of the ASM Class. Plaintiff understands that, as the class representative, he assumes a fiduciary responsibility to the members of the ASM Class to represent their interests fairly and adequately. Plaintiff recognizes that, as the class representative, he must represent and consider the interests of the members of the ASM Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and any potential settlement he must not favor his own interests over those members of the ASM Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the members of the ASM Class. Plaintiff also understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the ASM Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the ASM Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the

need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

64. Class certification of Plaintiff's claims is appropriate because Defendant has acted or refused to act on grounds generally applicable to the ASM Class, making appropriate both declaratory and injunctive relief with respect to the ASM Class. The ASM Class is entitled to injunctive relief to end Defendant's common and uniform policy and practice.

65. Plaintiff has retained counsel competent and experienced in complex class action wage and hour litigation.

66. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.
### (On behalf of Plaintiff and the ASM Collective)

67. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

68. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this First Amended Class and Collective Action Complaint.

69. At all times relevant, Plaintiff and the members of the ASM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

70. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the ASM Collective.

71. Defendant was, and continues to be, an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

72. At all times relevant, Plaintiff and the members of the ASM Collective were or have

been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

73. Defendant employed Plaintiff and the members of the ASM Collective as an employer in accordance with the FLSA.

74. Defendant failed to pay Plaintiff and the members of the ASM Collective the overtime wages to which they are entitled under the FLSA in violation of the FLSA. *See* 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R §§ 778.104.

75. Defendant's violations of the FLSA, as described in this First Amended Class and Collective Action Complaint, have been willful and intentional.

76. Defendant did not make a good faith effort to comply with the FLSA with respect their compensation of Plaintiff and the members of the ASM Collective.

77. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the ASM Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et. seq*.

**SECOND CAUSE OF ACTION**
**Colorado Wage Claim Act, § 8-4-101,** *et seq***.**
**(On behalf of Plaintiff and the ASM Class)**

79. Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

80. Defendant engaged in a widespread pattern, policy, and practice of violating the Colorado Wage and Hour Laws, as detailed in this First Amended Class and Collective Action Complaint.

81. The wage payment provisions set forth in the Colorado Wage Claim Act apply to Defendant and protect Plaintiff and the ASM Class.

82. At all relevant times, Defendant was, and continues to be, an employer covered by the Colorado Wage Claim Act.

83. At all times relevant, Plaintiff and the members of the ASM Class were or have been employees within the meaning of the Colorado Wage Claim Act.

84. Defendant employed Plaintiff and the members of the ASM Class as an employer in accordance with the Colorado Wage Claim Act.

85. Defendant failed to pay Plaintiff and the members of the ASM Class the overtime wages to which they are entitled under the Colorado Wage Claim Act, the FLSA, and the Colorado Minimum Wage Act, thereby violating, and continuing to violate, the Colorado Wage Claim Act. Defendant's violations were committed knowingly, willfully and with reckless disregard of applicable law.

86. As a result, Plaintiff and the members of the ASM Class have suffered damages by being denied overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, statutory penalties, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the Colorado Wage Claim Act. Plaintiff hereby demands payment on behalf of himself and all ASM Class Members in an amount sufficient to compensate them for all unpaid overtime premium pay. This demand is continuing and is made on behalf of all ASM Class Members whose employment terminates at any time in the future. Payment can be made through undersigned counsel at the address listed below.

**THIRD CAUSE OF ACTION**
**Colorado Minimum Wage Act, § 8-6-101, *et seq*.**
**(On behalf of Plaintiff and the ASM Class)**

87. Plaintiff realleges and incorporates by reference all allegations in the preceding

paragraphs.

88. Defendant engaged in a widespread pattern, policy, and practice of violating the Colorado Wage and Hour Laws, as detailed in this First Amended Class and Collective Action Complaint.

89. The overtime wage provisions set forth in the Colorado Minimum Wage Act, as implemented by the Colorado Minimum Wage Order and/or Colorado Overtime and Minimum Pay Standards Order, 7 *Colo. Code Regs.* § 1101-1, *et seq.*, apply to Defendant and protect Plaintiff and the ASM Class.

90. At all relevant times, Defendant was, and continues to be, an employer covered by the Colorado Minimum Wage Act.

91. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of the Colorado Minimum Wage Act.

92. Defendant employed Plaintiff and the members of the ASM Collective as an employer in accordance with the Colorado Minimum Wage Act.

93. Defendant failed to pay Plaintiff and the members of the ASM Collective the overtime wages to which they are entitled under the Colorado Wage Claim Act, the FLSA, and the Colorado Minimum Wage Act, thereby violating, and continuing to violate, the Colorado Minimum Wage Act.  Defendant's violations were committed knowingly, willfully and with reckless disregard of applicable law.

94. As a result, Plaintiff and the members of the ASM Class have suffered damages by being denied overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, statutory penalties, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the Colorado Minimum Wage Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the ASM Class and ASM Collective, prays for the following relief:

1. Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the ASM Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the ASM Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2. Certification of the Colorado Wage and Hour Law claims as a class action on behalf of the ASM Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Designation of Plaintiff as Class Representative for the ASM Class and counsel of record as Class Counsel;

4. An award of unpaid overtime compensation for all hours worked in excess of 40 in a workweek and/or 12 hours in a day at a rate of time and one-half of the regular rate of pay due under the FLSA and the Colorado Wage and Hour Laws using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

5. An award of liquidated damages and statutory penalties under the FLSA and the Colorado Wage and Hour Laws as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek and/or 12 hours in a day at a rate of time and one-half of the regular rate of pay;

6. An award of damages representing Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

7. An award of a service payment to Plaintiff;

8. An award of pre-judgment and post-judgment interest, if applicable;

9. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees to Plaintiff's counsel pursuant to the FLSA and the Colorado Wage and Hour Laws;

10. An injunction requiring Defendant to cease its practice of violating the FLSA and the Colorado Wage and Hour Laws in the future;

11. Issuance of a declaratory judgment that the practices complained of in this First Amended Collective Action Complaint are unlawful and/or willful under the FLSA and the Colorado Wage and Hour Laws; and

12. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this First Amended Class and Collective Action Complaint.

Dated: April 1, 2020

*s/ Jason Conway*
Jason Conway
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Brian D. Gonzales
**THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**
2580 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

*Attorneys for Plaintiff and the Putative ASM Collective*

**CERTIFICATE OF SERVICE**

I certify that, on January 31, 2020, I caused a true and correct copy of the aforementioned document to be served on all counsel of record in this matter through operation of the Court's CM/ECF system.

*s/ Jason Conway*
Jason Conway