**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00261-STV

MICHAEL LEVINE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

VITAMIN COTTAGE NATURAL FOOD MARKETS, INC.,

    Defendant.

_____

**SPECIAL MASTER'S ORDER REGARDING DEFENDANT'S MOTION TO PRODUCE NATIVES AND ALL VERSIONS OF REQUESTED RESUMES [Doc. 182]**
_____

    I was appointed as Special Master in this case on February 18, 2022, by United States Magistrate Judge Varholak. A discovery dispute was referred to me, as Special Master, on May 16, 2022. I directed that Plaintiffs respond to Defendant's Motion on or before May 23, 2022. I have reviewed the pleadings filed by both parties and, further, the parties participated in oral argument on May 31, 2022.

    While the parties' pleadings articulated an extensive factual background leading to this dispute – I do not find it advisable or necessary to repeat those recitations here. Suffice it to say that there was substantial dispute over the cooperation, or lack thereof, between the parties concerning this discovery dispute, which revolves around whether Plaintiff has provided all versions of Plaintiff's/Opt-In Plaintiffs' resumes prepared during the course of their employment at Vitamin Cottage Natural Food Markets, Inc. ("Vitamin Cottage").

    It became clear, after review of the relevant pleadings, that the parties were in substantial *agreement* as to what *should* be produced - even if not in agreement as to what had *previously* been produced. With that in mind, there is no need to re-argue what did or did not happen, simply to determine what should happen going forward.

Having considered the pleadings and the oral argument as of counsel, I order as follows:

1) Plaintiffs/Opt-In Plaintiffs shall provide the native versions of all resumes, in Microsoft Word version or other existing format, as such resumes exist or existed on all Plaintiffs/Opt-In Plaintiffs' devices. The production will include all metadata as it existed or presently exists on such devices.

2) The scope of this production shall be limited to resumes prepared by Plaintiffs/Opt-In Plaintiffs from the commencement of their respective dates of employment at Vitamin Cottage through May 31, 2022.

3) Such production shall be completed no later than close of business June 10, 2022.

4) Plaintiffs/Opt-In Plaintiffs' counsel has offered to pay the costs and fees of the Special Master with regard to this particular issue, and, indeed, all future discovery issues. Counsel for Defendant has accepted the offer. Thus, Plaintiffs/Opt-In Plaintiffs shall reimburse the Special Master for his costs and fees associated with this motion within 10 days after receipt of Special Master's invoice. A copy of such invoice will be provided to Defense counsel.

During the course of Oral Argument, counsel for the Parties informed the Special Master that several discovery disputes have arisen which may necessitate the filing of additional pleadings and thus, potential referrals to the Special Master for resolution. Moreover, given that the native versions of resumes specified herein will not be produced until shortly after the expiration of the discovery cut-off on June 7, 2022, the Parties recognize that an extension to the discovery cut-off may be advisable and have agreed to discuss a stipulated motion to be filed with the Court. The Special Master has no jurisdiction to rule on any such motion for extension at this time.

SO ORDERED this 6th day of June, 2022.

_____
Todd J. McNamara, Special Master