IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00261-STV

MICHAEL LEVINE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

VITAMIN COTTAGE NATURAL FOOD MARKETS, INC. d/b/a NATURAL GROCERS,

    Defendant.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant's Motion for Partial Judgment on the Pleadings and Determination of Law (the "Motion"). [#162] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##15, 16] This Court has carefully considered the Motion and related briefing, the entire case file, oral argument conducted on August 24, 2022 [#206], and the applicable case law. For the following reasons, the Motion is **GRANTED**.

**I.    FACTUAL BACKGROUND**[1]

    Defendant Natural Grocers owns and operates more than 150 grocery stores throughout the Central and Western United States. [#17 at ¶ 15] Defendant employs

---

[1] The facts are drawn from the allegations in the First Amended Class and Collective Action Complaint (the "Complaint") [#17], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

1

Assistant Store Managers ("ASMs") in its stores and classifies them as exempt from overtime. [*Id*. at ¶¶ 2, 4] Plaintiff Michael Levine was employed by Defendant as an ASM in Highlands Ranch, Colorado from March 2018 to April 2019. [*Id*. at ¶ 10] Plaintiff filed the instant action on January 31, 2020, on behalf of himself and others employed by Defendant as ASMs.[2] [*Id*. at ¶¶ 6-7] Plaintiff alleges that:

> Plaintiff and all other similarly situated were required to work more than 40 hours in a workweek and/or 12 hours in a day while employed by Defendant in order to complete their job duties. However, in accordance with Defendant's policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of 40 in a workweek and/or 12 hours in a day.

[*Id*. at ¶ 5] Plaintiff brings three claims for relief alleging violations of: (1) the Fair Labor Standards Act ("FLSA") [*id*. at ¶¶ 67-78], (2) the Colorado Wage Claim Act ("CWCA") [*id.* at ¶¶ 79-86], and (3) the Colorado Minimum Wage Act ("CMWA") [*id.* at ¶¶ 87-94]. Plaintiff's CMWA claim—the only claim at issue in the instant Motion—is premised upon Defendant's alleged "fail[ure] to pay Plaintiff and the members of the ASM Collective the overtime wages to which they are entitled under the [CWCA], the FLSA, and the [CMWA]." [*Id.* at ¶ 93]

On January 6, 2022, Defendant filed the instant Motion. [#162] In the Motion, Defendant makes two arguments. First, Defendant argues that Plaintiff's CMWA claim must be dismissed because the CMWA only applies to alleged violations of the applicable minimum wage, not purely overtime claims. [*Id*. at 3-6] Second, Defendant argues that, if the Court does not dismiss Plaintiff's CMWA claim, that claim should be subject to the

---

[2] Following the filing of this action, 158 current or former ASMs filed notice of consent to join the action as opt-in as plaintiffs. [*See* #104] On September 27, 2021, this Court ordered that 56 of the opt-in plaintiffs' claims must be resolved through arbitration proceedings and stayed those opt-in plaintiffs' claims. [#142]

two and three year statute of limitations from the CWCA. [*Id.* at 6-12] Plaintiff has responded to the Motion [#170], Defendant has replied [#172], and Plaintiff has filed a surreply. [#179] Each party has subsequently filed notices of supplemental authorities [##180, 185, 199] and on August 24, 2022, this Court held oral argument on the Motion [#206].

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Accordingly, in deciding both motions, a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff

3

to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### III. ANALYSIS

In the Motion, Defendant makes two arguments. First, Defendant argues that Plaintiff's CMWA claim must be dismissed because the CMWA only applies to alleged violations of the applicable minimum wage, not purely overtime claims. [#162 at 3-6] Second, Defendant argues that, if the Court does not dismiss Plaintiff's CMWA claim, that claim should be subject to the two and three year statute of limitations from the CWCA. [*Id.* at 6-12] Because the Court agrees that Plaintiff has failed to state a CMWA claim for which the CMWA provides a private cause of action, the Court does not address Defendant's alternative argument.

Claim Three alleges that Defendant violated the CMWA by "fail[ing] to pay Plaintiff and the members of the ASM Collective the overtime wages to which they are entitled under the [CWCA], the FLSA, and the [CMWA]." [#17 at ¶ 93] The claim is premised upon Plaintiff's assertion that "it is illegal [under the CMWA] to pay an employee less than time and one-half for any hours worked in excess of 40 per week or 12 per day." [#170 at 4] In its Motion, Defendant argues that such a purely overtime-based claim is not cognizable under the CMWA. [#162 at 3-6] The Court agrees.

The CMWA requires the Director of Labor Standards and Statistics (the "Director") to "determine a minimum wage sufficient for living wages for persons of ordinary ability

4

. . .; the minimum wages sufficient for living wages for learners and apprentices; standards of conditions of labor and hours of employment not detrimental to health or morals for workers; and what are unreasonably long hours." Colo. Rev. Stat. § 8-6-106. In making this determination "the [D]irector shall be bound by the provisions of [the CMWA] and of section 15 of article XVIII of the state constitution; except that, if a higher minimum wage rate is established by applicable federal law or rules, the director shall be bound by such federal law or rules." [*Id.*] Article XVIII, Section 15 of the Colorado Constitution in turn provides: "Effective January 1, 2017, Colorado's minimum wage is increased to $9.30 per hour and is increased annually by $.90 each January 1 until it reaches $12 per hour effective January 2020, and thereafter is adjusted annually for cost of living increases, as measured by the Consumer Price Index for Colorado." Colo. Const. Art. 18, § 15.

Consistent with Article XVIII, Section 15 and Section 8-6-106, the Division of Labor and Statistics has issued a series of Minimum Wage Orders, and then a series of Colorado Overtime and Minimum Pay Standards ("COMPS") Orders.  During the course of Plaintiff's employment from March 2018 to April 2019, Minimum Wage Order #34 ("MWO #34") was in effect.  7 CCR § 1103-1 (2018)[3]  Under the section entitled "2018 Colorado State Minimum Wage," MWO #34 provided that, with certain exceptions inapplicable to the Motion:

> Pursuant to Article XVIII, Section 15, of the Colorado Constitution, if [an employee is covered by MWO #34 or the minimum wage provisions of FLSA], then the employee is entitled to the $10.20 state minimum wage or

---

[3]   Available at https://cdle.colorado.gov/sites/cdle/files/7%20CCR%201103-1%20Colorado%20Minimum%20Wage%20Order%20Number%2034%20_1.pdf  (last accessed September 19, 2022).

>the $7.18 state tipped employee minimum wage, effective January 1, 2018[.]

7 CCR § 1103-1 (2018).  Under the Section entitled "4. Overtime Hours," MWO #34 further provided that "employees shall be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday . . . ."  7 CCR § 1103-1:4 (2018).

The CMWA provides penalties and remedies for violations of its provisions. Section 8-6-116(1) provides:

>The minimum wages fixed by the [D]irector . . . are the minimum wages paid to employees, and the payment to such employees of a wage less than the minimum so fixed is unlawful, and every employer or other person who intentionally, individually or as an officer, agent, or employee of a corporation or other person, pays or causes to be paid to any such employee a wage less than the minimum commits theft as defined in [Colo. Rev. Stat. 18-4-401].

Colo. Rev. Stat. 8-6-116(1).  And Section 8-6-118 provides a private cause of action for certain CMWA violations: "An employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs, notwithstanding any agreement to work for a lesser wage."  Colo. Rev. Stat. § 8-6-118.

Construing these various provisions, the Court agrees with Defendant that Plaintiff has failed to plausibly allege a CMWA claim for which relief is available.  The CMWA permits an employee to bring a cause of action when they receive "less than the legal minimum wage."  Colo. Rev. Stat. § 8-6-118.  The Colorado Constitution provides that: "[e]ffective January 1, 2017, Colorado's minimum wage is increased to $9.30 per hour

6

and is increased annually by $0.90 each January 1 until it reaches $12 per hour effective January 2020, and thereafter is adjusted annually for cost of living increases, as measured by the Consumer Price Index used for Colorado." " Colo. Const. Art. 18, § 15. Consistent with this constitutional provision, the CMWA provides that the Director "determine[s] the minimum wage[]" and that, in making this determination, the Director is bound by Article XVIII, Section 15. Colo. Rev. Stat. § 8-6-106. And in MWO #34, the Director declared the "Colorado State Minimum Wage" to be "the $10.20 state minimum wage." 7 CCR § 1103-1 (2018). Thus, the Colorado Constitution, the CMWA and the Director all define the "minimum wage" as a set number, without adjustment for time-and-one-half overtime wages provided by the MWO #34, Rule 4. Because the Complaint does not contain any allegations suggesting that Defendant violated that minimum wage of $10.20 in 2018 or $11.10 in 2019—as adjusted by the Director as required by the Colorado Constitution and the CMWA—the Court concludes that Plaintiff has failed to state a claim for violation of the CMWA for which relief is available.

Plaintiff's arguments to the contrary are unavailing. Plaintiff initially notes that the General Assembly intended the CMWA to have a broad impact and that it permitted the Director to authorize overtime pay at a rate of one and one-half times the regular rate of pay. [#170 at 3-7] And it is true, that the General Assembly stated that courts should liberally construe the CMWA. Colo. Rev. Stat. § 8-6-102. Nonetheless, the CMWA only allows a private cause of action for payments of "less than the legal minimum wage," Colo. Rev. Stat. § 8-6-118, and the Colorado Constitution, the CMWA, and the Director all define "minimum wage" without reference to the overtime provisions of the Minimum Wage or COMPS Orders.

Plaintiff also argues that, assuming his claims do not fall within the plain language of the CMWA, the Court should conclude that the General Assembly intended to create an implied private cause of action. [#170 at 7-8] The Colorado Supreme Court has held:

> When a statute does not expressly provide for a private civil remedy, a court must consider three factors in determining if a particular plaintiff has available a private cause of action based on a violation of the statute: whether the plaintiff is within the class of persons intended to be benefited by the legislative enactment; whether the legislature intended to create, albeit implicitly, a private right of action; and whether an implied civil remedy would be consistent with the purposes of the legislative scheme.

*Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 923 (Colo. 1997) (quotation omitted). The critical question, however, is whether the General Assembly intended to create a private cause of action. *Id.* As a result, Colorado courts "will not infer a private right of action based on a statutory violation unless [they] discern a clear legislative intent to create such a cause of action." *Id.*

Here, Plaintiff cannot demonstrate that the General Assembly intended to create an implied private cause of action under the CMWA for a pure overtime violation. The General Assembly *did* create a private right of action for violations of the CMWA—Section 8-6-118 authorizes a private cause of action for payments of "less than the legal minimum wage." Colo. Rev. Stat. § 8-6-118. But, as set forth herein, Plaintiff has failed to allege that he was paid less than the legal minimum wage. Because the CMWA contains an express private right of action provision, the Court cannot conclude that the General Assembly intended to create a private cause of action for any other violation of the CMWA.[4] *Gerrity*, 946 P.2d at 924 (declining to imply a private cause of action where the

---

[4] Indeed, it is far from clear that Plaintiff's Complaint plausibly alleges any violation of the CMWA. The CMWA authorizes the Director to determine what "are unreasonably long hours," Colo. Rev. Stat. 8-6-106, and to set overtime "at a rate of one and one-half times

statute was "not totally silent on the matter of remedy" because "[w]hen statutory language indicates that the legislature considered the issue of remedies for violations of the statute or regulations issued thereunder, and chose not to include a private remedy in damages, [the Colorado Supreme Court] will not infer such a remedy" (quotation omitted)); *Henderson v. Bear*, 968 P.2d 144, 147 (Colo. App. 1998) (refusing to imply a private cause of action for the violations of a statute alleged by plaintiffs where the statute contained an express private cause of action for certain violations of the statute but not for the violations asserted by the plaintiffs). Accordingly, Plaintiff's CMWA claim must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Partial Judgment on the Pleadings and Determination of Law [#162] and Plaintiff's CMWA claim (Claim Three) is **DISMISSED**.

DATED:  September 19, 2022                              BY THE COURT:

                                                        s/Scott T. Varholak
                                                        United States Magistrate Judge

---

the regular rate of pay," Colo. Rev. Stat. 8-6-111(4). And in MWO #34, under the title "4. Overtime Hours," the Director provides that employees shall be paid time and one-half of the regular rate of pay for work in excess of 40 hours per workweek. 7 CCR § 1103-1:4 (2018) Thus, it is possible that a violation of that provision of the Minimum Wage Order constitutes a violation of the CMWA. But, the Minimum Wage Orders were passed under the authority of both the CWCA and the CMWA, (7 CCR § 1103-1 "Authority" (2018)), and thus it is also possible that the Director considered a violation of that provision to constitute a violation of the CWCA, but not a violation of the CMWA. In any event, for the reasons outlined herein, to the extent failure to pay the overtime rate does constitute a violation of the CMWA, such violation does not give rise to a private cause of action.